**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GUADALUPE LYN, | )<br>) |
| Plaintiff, | ) Case No.: 2:17-cv-00614-GMN-NJK<br>) |
| vs. | )<br>) **ORDER** |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | )<br>) |
| Defendant. | )<br>)<br>) |

Pending before the Court is the Motion for Costs, (ECF No. 27), filed by Defendant Outback Steakhouse of Florida, LLC ("Defendant"). Plaintiff Guadalupe Lyn ("Plaintiff") filed a Response, (ECF No. 30), and Defendant filed a Reply, (ECF No. 31). For the reasons addressed herein, Defendant's Motion is **DENIED without prejudice**.[1]

### I. BACKGROUND

This case arises from injuries Plaintiff sustained while patronizing Defendant's restaurant. (First Am. Compl. ("FAC") 3:2–11, ECF No. 1–11). Relevant to the present Motion, the Court granted Defendant's motion for summary judgment and the clerk of court subsequently entered judgment in favor of Defendant and against Plaintiff. (*See* Order 11:11–12, ECF No. 23); (Clerk's J., ECF No. 24). Shortly thereafter, Defendant filed a bill of costs, (ECF No. 25), requesting reimbursement under Nevada law, specifically NRS 18.020. Defendant's counsel was subsequently notified that the clerk of court's authority to award costs is limited to requests made under Federal Rule of Civil Procedure 54(d). (Def.'s Suppl. Br. 2:2–4, ECF No. 34); *see also* D. Nev. LR 54-1.

---

[1] As explained below, however, the Motion is denied with prejudice to the extent it requests expert witness costs under Nevada law.

Page 1 of 6

Defendant refiled its memorandum, styling it as a "Motion for Costs" under NRS 18.020 and requesting $50,416.85 for various costs identified in NRS 18.005. (*See* Mot. for Costs 1:17–18, ECF No. 27). The breakdown of Defendant's requested award is as follows: (a) $43,700.00 in expert witness fees; (b) $2,000 in witness fees; (c) $1,905.85 for medical records fees; (d) $1,708.05 in deposition reporters' fees; (e) $637.00 in clerks' fees; (f) $300 for interpreter fees; (g) $160 in subpoena fees; and (h) $6.00 for expenses required to obtain motor vehicle records. (*Id.* 3:1–6:10).

The Court issued an order withholding ruling on Defendant's Motion pending supplemental briefing from the parties. (*See* Minute Order, ECF No. 33). The Court stated that "Defendant has not sufficiently addressed why state law, rather than federal law, applies to the specific categories of costs requested." (*Id.*). As such, the Court ordered supplemental briefing on the question of whether Defendant may recover costs under state law. (*See id.*) ("Defendant shall file a brief, supported by points and authorities, discussing whether federal or state law applies to each requested award category in its Motion."). In response, the parties timely filed their respective supplemental briefs, (ECF Nos. 34–35).

## II. <u>LEGAL STANDARD</u>

Rule 54(d)(1) provides: "Unless a federal statue, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule thus "creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

Pursuant to this District's local rules, "[u]nless the court orders otherwise, the prevailing party is entitled to reasonable costs." D. Nev. LR 54-1. The prevailing party "who claims costs must file and serve a bill of costs and disbursements on the form provided by the clerk," which

"must be supported by an affidavit and distinctly set forth each item so that its nature can be readily understood." D. Nev. LR 54-1(a)–(b).

### III. DISCUSSION

In its supplemental brief, Defendant reiterates that it seeks costs under Nevada law. (Def.'s Suppl. Br. 2:20, ECF No. 34). According to Defendant, it may recover costs under NRS 18.020 because that statute confers a substantive right and therefore controls rather than Rule 54(d) of the Federal Rules of Civil Procedure. (*Id.* 3:1–24). Plaintiff contends that Rule 54(d) governs this case and precludes Defendant from recovering costs under Nevada law. (Pl.'s Suppl. Br. 1:20–4:2, ECF No. 35).

As a general rule, "[a]n award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce*, 342 F.3d at 1022. With respect to expert witness fees, Rule 54(d) governs rather than NRS 18.020. In *Aceves*, the Ninth Circuit, following the lead of sister circuits, held that "federal law should control the reimbursement of expert witnesses in federal courts sitting in diversity jurisdiction." *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1168 (9th Cir. 1995) (citing *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291–92 (10th Cir. 1988), *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983), and *Bosse v. Litton Unit Handling Sys., Div. of Litton Sys., Inc.*, 646 F.2d 689, 695 (1st Cir. 1981)).

In *Aceves*, the choice of law issue was between "state and federal expert witness cost provisions," where California's expert witness compensation rules were in "direct collision" with the federal expert witness cost provision. *Id.* Specifically, while California law permits "the defendant to recover expert witness fees in full[,]" federal law "allows the defendant to recover forty dollars per day per witness." *Id.* at 1167 (citing 28 U.S.C. § 1821(b)). The *Aceves* Court noted that California's expert witness compensation provisions would apply if "the pedigree of the federal rule could not be traced back to a federal statute or a Federal Rule of

Civil Procedure, duly enacted pursuant to the Rules Enabling Act or if the federal rule created an incentive to shop for the federal forum." *Id.* at 1168 (internal citation omitted). According to the Ninth Circuit, neither factor favored application of California law over federal law. *See id.* (finding "no indication that section 1821(b) of Title 28 has a suspect pedigree" and recognizing the unlikelihood "that section 1821(b) provides litigants an incentive to sue in or remove to federal courts").

Here, as in *Aceves*, Nevada's provision with respect to reimbursement of expert witnesses is in direct collision with its federal counterpart. While federal law permits recovery of forty dollars per day for each day of a witness's attendance, Nevada law permits reasonable fees "in an amount not more than $1,500 for each witness." *Compare* 28 U.S.C. § 1821, *with* NRS 18.005(5). And per *Aceves*, the Court finds no indication that 28 U.S.C. § 1821(b) has a suspect pedigree or would otherwise incentivize forum shopping. *Aceves*, 68 F.3d at 1167.

Defendant argues that *Clausen*, decided after *Aceves*, governs the instant case and establishes that NRS 18.020 is substantive in nature. (Mot. for Costs 3:12–14). In *Clausen*, the Ninth Circuit upheld a district court's award of costs under Oregon law. *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1064–66 (9th Cir. 2003). As in *Aceves*, *Clausen* considered whether 28 U.S.C. § 1821(b) trumps a state law cost provision. *Id.* The relevant Oregon statute in that case, Or. Rev. Stat. § 468B.300, entitles prevailing plaintiffs to recover "costs of any kind" for claims brought pursuant to the Oregon Oil Spill Act. *Id.* at 1064. The Court distinguished *Aceves* from the case before it by stating:

> In *Aceves* . . . . we faced a choice between a state rule of procedure and a federal rule of procedure. In the present case, however, we are presented with a choice between a federal cost provision, and a state damages provision that permits prevailing plaintiffs under the Oil Spill Act to recover "costs of any kind" as one element of its compensatory damages.

*Id.* (internal citations omitted). According to the Ninth Circuit, this cost provision serves as an "'express indication' of [the Oregon legislature's] 'special interest in providing litigants' with full compensation for reasonable sums expended in pursuit of an Oil Spill Act claim." *Id.* at 1065 (citation omitted). And because "the measure of damages is a matter of state substantive law, it would do violence to the principles enunciated in *Erie* to disregard Oregon law in favor of § 1821(b)." *Id.* 1065–66 (quotation marks and citations omitted).

Here, unlike the sought-after costs in *Clausen*, the costs Defendant requests are not elements of a compensatory damage award tethered to a substantive cause of action. *Cf. id.* at 1064–65 ("We think that such a right is substantive, for the question of the proper measure of damages is inseparably connected with the right of action . . . .") (internal citation and quotation marks omitted). Rather, NRS 18.020(3) applies *generally* to actions "for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500." Furthermore, unlike the statute at issue in *Clausen*, NRS 18.020(3) permits recovery of costs "as a matter of course to the prevailing party," *Campbell v. Campbell*, 705 P.2d 154, 156 (Nev. 1985), whether it be the party bringing the action or defending against it. Because the statute applies to any prevailing party and any action where a plaintiff seeks more than $2,500, it is readily distinguishable from the substantive cost provisions at issue in *Clausen*, which are limited to a "prevailing plaintiffs," in actions brought under the Oil Spill Act. *Clausen*, 339 F.3d 1064–65. As such, Defendant's reliance upon *Clausen* is misplaced.

In sum, because *Aceves* controls the disposition here, the Court denies Defendant's Motion with prejudice insofar as it requests expert fees under Nevada law. With respect to the remaining categories of costs, the Court ordered Defendant to "file a brief, supported by points and authorities, discussing whether federal or state law applies to *each requested award category* in its Motion." (*See* Minute Order, ECF No. 33) (emphasis added). Aside for addressing the cases cited by the Court in its minute order, Defendant's brief is silent as to the

categories of costs outside of expert witness fees. As such, Defendant has failed to satisfy the Court of the inapplicability of the general rule that Rule 54(d) applies to cost awards in diversity cases. *See Champion*, 342 F.3d at 1022.

Accordingly, Defendant's Motion for Costs is denied without prejudice. Should Defendant seek to file a bill of costs pursuant to Rule 54(d) and Local Rule 54-1, Defendant may do so within fourteen (14) days of this Order's issuance. Alternatively, should Defendant elect to file a renewed motion for costs under Nevada law, it may do so within fourteen (14) days of this Order, provided the motion remedies the deficiencies discussed above. Any such motion, however, shall not include a request for expert witness fees under Nevada law, which the Court denies with prejudice in this Order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Costs, (ECF No. 27), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Costs, (ECF No. 27), insofar as it requests costs for expert witness fees under Nevada law, is **DENIED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant may, if it so chooses, file an amended bill of costs consistent with Rule 54(d) and Local Rule 54-1, within fourteen (14) days of this Order's issuance. Alternatively, Defendant may file a renewed motion for costs within (14) days of this Order's issuance provided, however, that the motion addresses the deficiencies discussed in this Order.

**DATED** this __14__ day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge